1  CEDRIC C. CHAO (SBN 76045)
   cedric.chao@dlapiper.com
2  ROY K. MCDONALD (SBN 193691)
   roy.mcdonald@dlapiper.com
3  KATHLEEN S. KIZER (SBN 246035)
   kathleen.kizer@dlapiper.com
4  SAORI KAJI (SBN 260392)
   saori.kaji@dlapiper.com
5  **DLA PIPER LLP (US)**
   555 Mission Street, Suite 2400
6  San Francisco, CA  94105-2933
   Telephone:     415.836.2500
7  Facsimile:     415.836.2501

8  BARBARA J. PARKER, City Attorney (SBN 69722)
   BParker@oaklandcityattorney.org
9  DORYANNA MORENO, Chief Assistant City Attorney (SBN 140976)
   DMoreno@oaklandcityattorney.org
10 KIRAN C. JAIN, Senior Deputy City Attorney (SBN 233266)
   KJain@oaklandcityattorney.org
11 **OAKLAND CITY ATTORNEY**
   One Frank H. Ogawa Plaza, 6th Floor
12 Oakland, CA  94612
   Telephone:     510.238.3601
13 Facsimile:     510.238.6500

14 Attorneys for Plaintiff,
   CITY OF OAKLAND
15

16                          UNITED STATES DISTRICT COURT

17                         NORTHERN DISTRICT OF CALIFORNIA

18

| | |
|---|---|
| CITY OF OAKLAND,<br><br>              Plaintiff,<br><br>v.<br><br>ERIC HOLDER, Attorney General of the United States; and MELINDA HAAG, U.S. Attorney for the Northern District of California,<br><br>              Defendants. | CASE NO.  CV 12-5245 MEJ<br><br>Related Cases: No. CV 12-3566 MEJ<br>                      No. CV 12-3567 MEJ<br><br>**PLAINTIFF CITY OF OAKLAND'S NOVEMBER 5, 2013 STATUS REPORT** |

Plaintiff City of Oakland ("Oakland") submits this Status Report regarding its appeal per the Court's July 3, 2013 Order. (N.D. Cal. Dkt. 72)

**Oakland's Appeal to the U.S. Court of Appeals for the Ninth Circuit, Case No. 13-15391**

Briefing for Oakland's appeal of the District Court's Order granting the Government's Motion to Dismiss (N.D. Cal. Dkt. 53) is complete.

Oakland filed its Opening Brief and Excerpts of Record on July 8, 2013. (9th Cir. Dkt. 21-1 through 21-6)

Defendants Eric Holder, Attorney General of the United States, and Melinda Haag, United States Attorney for the Northern District of California ("DOJ") filed their Answering Brief on September 6, 2013. (9th Cir. Dkt. 27)

In its Answering Brief, the DOJ sought to support the Court's order dismissing the case by making additional arguments that the DOJ had not briefed below, including that Oakland lacks Article III and prudential standing.

Oakland filed its Reply Brief on October 21, 2013. (9th Cir. Dkt. 39)

With briefing completed, the parties now await further order from the Court of Appeal.

**The DOJ's Motion to Expedite**

Nearly six months after declining Oakland's suggestion that the appeal be expedited, the DOJ filed a motion to expedite the appeal with the Ninth Circuit Court of Appeals on September 11, 2013. (9th Cir. Dkt. 31) Oakland did not oppose the motion but filed a response on September 12, 2013, that identified recent developments about the case and issues on appeal that revealed an absence of urgency. (9th Cir. Dkt. 32-1)

Specifically, Oakland informed the Court of Appeals about the issuance on August 29, 2013, by the DOJ of a Memorandum from Deputy Attorney General James M. Cole ("Cole Memo"). (*See* N.D. Cal. Dkt. 75, Ex. A) The Cole Memo reiterates the DOJ's position that federal resources will not be spent prosecuting persons acting in compliance with state and local laws concerning cannabis unless necessary to achieve one or more of the following goals:

- Preventing the distribution of marijuana to minors;

- Preventing revenue from the sale of marijuana from going to criminal enterprises, gangs and cartels;
- Preventing the diversion of marijuana from states where it is legal under state law in some form to other states;
- Preventing state-authorized marijuana activity from being used as cover or pretext for the trafficking of other illegal drugs or other illegal activity;
- Preventing violence and the use of firearms in the cultivation and distribution of marijuana;
- Preventing drugged driving and the exacerbation of other adverse public health consequences associated with marijuana use;
- Preventing the growing of marijuana on public lands and the attendant public safety and environmental dangers posed by marijuana production on public lands; and
- Preventing marijuana possession or use on federal property.

Additionally, Oakland informed the Court of Appeal about Deputy Attorney General Cole's testimony on September 10, 2013, before the Senate Judiciary Committee, explaining the DOJ's policy and addressing the many and growing conflicts between state and federal law concerning cannabis. At that hearing, Senator Whitehouse of Rhode Island inquired:

> As long as they are not the proper subjects of federal prosecution under the eight 2013 memo federal interests, a dispensary can do business as long as it is in clear and unambiguous compliance with state law, correct?

To which Deputy Attorney General Cole responded:

> I think the proper way to phrase it, Senator Whitehouse, is as long as they are not violating any of the eight federal priorities in the course of what they're doing, that the federal government is not going to prosecute them and the state law is up to state law and up to state enforcement.

(Chao Decl., Ex. 3, at 16 (9th Cir. Dkt. 32-1, at 4))

Because the DOJ has made no allegation that Harborside's permitted business operations implicate any of the DOJ's enforcement priorities under the Controlled Substances Act ("CSA") identified in the Cole Memo, its attempts to shutter Harborside directly contradict DOJ policy. Moreover, the DOJ's action undermines Oakland's regulatory scheme which shares many of the same goals as the federal enforcement policies outlined in the Cole Memo.

The Court of Appeals denied the Government's Motion to Expedite on September 16, 2013.

**The DOJ's Motion for Reconsideration of Motion to Expedite Appeal**

On September 20, 2013, the DOJ filed a Motion for Reconsideration of Motion to Expedite Appeal. (9th Cir. Dkt. 35)

Oakland responded to the DOJ's motion for reconsideration on September 23, 2013, explaining that the DOJ (1) still identified no grounds for expediting the appeal, (2) failed to provide a basis justifying reconsideration of the Court's denial of the motion to expedite, and (3) ignored entirely the Cole Memo and Deputy Attorney General Cole's testimony before the Senate Judiciary Committee.

At no point has the DOJ attempted to explain its inconsistency in pursuing the Harborside forfeiture action in light of the contrary policy expressed in the Cole Memo.

The Court of Appeals denied the DOJ's Motion for Reconsideration of Motion to Expedite Appeal on October 2, 2013.

Dated:  November 5, 2013

Respectfully submitted,

DLA PIPER LLP (US)

OAKLAND CITY ATTORNEY

By: */s/ Cedric C. Chao*
   Cedric C. Chao

   Attorneys for Plaintiff
   CITY OF OAKLAND